**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
DERRICK ALLEN,              )
                            )
            Plaintiff,      )
                            )
                            )           1:19cv786
      v.                    )
                            )
STATE OF NORTH CAROLINA     )
OFFICE OF ADMINISTRATIVE    )
HEARINGS, et al.            )
                            )
            Defendants.     )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont

de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Id.[1]  The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint.  Nasim, 64 F.3d at 955.

## BACKGROUND

Asserting claims under "42 U.S.C. § 1983" for "[v]iolation[] of [his] constitutional [r]ights [under] the 8th [Amendment] Cruel [and] Unusual Punishment, [and] 14th [A]mendment of [the] US Constitution section one" (Docket Entry 2 at 3 (internal brackets omitted)), Plaintiff initiated this action against six defendants: (1) "Mr. Lamont Goins" ("Defendant Goins") (id. at 2); (2) "Elouise Williams" ("Defendant Williams") (id.); (3) "Richard Bou[l]den" ("Defendant Boulden") (id. at 3); (4) "Gene Troy" ("Defendant Troy") (id.); (5) "State of North [Carolina] Office of Administrative Hearings" (the "OAH") (id. at 1); and (6) "Civil Rights Division Human Relations Commission" (the "NCHRC") (id.).

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

The Complaint states the following as its basis for asserting claims under Section 1983:

> Human relations refuse[d] to [i]nvestigate [Plaintiff's] Fair Housing complaint . . . . The refusal is based on either inaccurate information derived from [Plaintiff's] criminal record in which some offenses [were] dismissed, expunged by the courts . . . [or] are listed mult[i]ple times in a feeble attempt to exasperate or make wors[e Plaintiff's] criminal record . . . .

(Id. at 4.) The Complaint's "Statement of Claim" states the following in its entirety: "[h]uman relations refused to investigate [Plaintiff's] claim of housing discrimination based upon in[ac]curate reports derived from third party reporting agencies associated with [E]quifax, [T]rans[]union, and [E]xperian." (Id. at 5.) The Complaint also alleges that Plaintiff has "been subjected to housing discriminati[on] and employment discrimination" (id.), and further requests "compensat[ion] for [] mental anguish and punitive damages in accordance with federal law" (id. at 6).

## DISCUSSION

### I. The OAH and the NCHRC

As an initial matter, neither the OAH nor the NCHRC qualify as a "person" subject to suit under 42 U.S.C. § 1983. In that regard, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged

-4-

deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).[2]

Pursuant to North Carolina law, "[t]he [OAH] is an independent, quasi-judicial agency under Article III, Sec. 11 of the Constitution and, in accordance with Article IV, Sec. 3 of the Constitution, has such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which it was created." N.C. Gen. Stat. § 7A-750. North Carolina law similarly places the NCHRC under the Civil Rights Division of the OAH. See N.C. Gen. Stat. § 7A-761.[3]

"[A] State is not a person within the meaning of [Section] 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 64

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

[3] The NCHRC previously existed as an agency within the North Carolina Department of Administration. See Hershner v. Emp't Sec. Comm'n of North Carolina, No. COA 11-1425, 220 N.C. App. 415, 725 S.E.2d 474 (table), 2012 WL 1514839, at *1 (May 1, 2012) (unpublished) (referring to the NCHRC as "an agency within the Department of Administration"); Hyatt v. Town of Lake Lure, 191 N.C. App. 386, 387-88, 663 S.E.2d 320, 321 (2008) (referring to the North Carolina Department of Administration as a state agency).

(1989). As such, states and state agencies do not constitute "persons" subject to suit under Section 1983. Id. at 67-71. Therefore, the Court should dismiss all claims against the OAH and the NCHRC.

## II. Official Capacity Claims

Next, the Complaint indicates that it asserts official capacity claims against Defendant Goins, Defendant Williams, Defendant Boulden, and Defendant Troy. (See Docket Entry 2 at 2-3.) Those claims fail for the same reasons that claims fail against the OAH and the NCHRC. Although "state officials literally are persons[, ] a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71. "Because a state is not a 'person' under [Section] 1983, it follows that state officials acting in their official capacities cannot be sued for damages under the statute." Wells v. Northam, No. 3:18CV00040, 2018 WL 2978026, at *2 (W.D. Va. June 13, 2018) (unpublished) (citing Will, 491 U.S. at 71). The Complaint states that (i) Defendant Goins serves as "Executive Director," (ii) Defendant Williams serves as "Administrative Specialist," (iii) Defendant Boulden serves as "General Counsel," and (iv) Defendant Troy serves as "Programs Manager." (Docket Entry 2 at 2-3.) The Complaint lists each Defendant's email address as ending in

"oah.nc.gov." (Id. at 2-3.)[4] As state officials, no claim lies against these Defendants under Section 1983 for damages in their official capacities.

Because the Complaint seeks only damages, the Court should dismiss all official capacity claims against Defendant Goins, Defendant Williams, Defendant Boulden, and Defendant Troy.

### III. Individual Capacity Claims

As a final matter, beyond naming them as Defendants, the Complaint does not even so much as mention Defendant Goins, Defendant Williams, Defendant Boulden, and/or Defendant Troy. (See id. at 4-7.) Thus, the Complaint fails to establish a Section 1983 claim against Defendant Goins, Defendant Williams, Defendant Boulden, and Defendant Troy due to the lack of factual matter suggesting that any of those defendants violated Plaintiff's constitutional rights. See American Mfrs., 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive

---

[4] In addition, at least one state court decision confirms that Defendant Boulden worked as "Agency Counsel" for NCHRC. See The North Carolina Human Relations Comm'n, ex rel. Block v. Carriages At Allyn's Landing Owners Ass'n, Inc., No. COA 13-823, 233 N.C. App. 786, 759 S.E.2d 713 (table), 2014 WL 1795161, at *1 (May 6, 2014) (unpublished).

-7-

rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

Put another way, nothing in the record indicates in any way that Defendant Goins, Defendant Williams, Defendant Boulden, and/or Defendant Troy engaged in any violation of Plaintiff's constitutional rights as remains necessary to state a plausible Section 1983 claim.  See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").  The Court should therefore dismiss all individual capacity claims alleged against Defendant Goins, Defendant Williams, Defendant Boulden, and Defendant Troy, for failure to state a claim.

## **CONCLUSION**

In sum, neither the OAH nor the NCHRC qualify as a "person" subject to suit under Section 1983, Plaintiff's claims for damages against Defendant Goins, Defendant Williams, Defendant Boulden, and Defendant Troy in their official capacities constitute claims against the State, not a "person" as required under Section 1983, and Plaintiff has otherwise failed to allege a plausible claim for relief against Defendant Goins, Defendant Williams, Defendant Boulden, and Defendant Troy in their individual capacities.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE**

**LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 6, 2019